

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-68,348-03

### EX PARTE JUAN LIZCANO, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NO. W05-59563-S IN THE 282ND JUDICIAL DISTRICT COURT DALLAS COUNTY

*Per curiam.* YEARY, J., filed a dissenting opinion, in which KELLER, P. J., *joined.*

## O P I N I O N

This is a subsequent application for a writ of habeas corpus in a capital case that Applicant filed pursuant to Article 11.071, Section 5 of the Texas Code of Criminal Procedure. Applicant alleged in this application that he is intellectually disabled and ineligible for the death penalty under the United States Supreme Court's holding in *Atkins v. Virginia,* 536 U.S. 304 (2002). We denied relief on this application in 2015. *Ex parte Lizcano,* No. WR-68,348-03 (Tex. Crim. App. April 15, 2015)(not designated for publication).

In 2017, the United States Supreme Court concluded that some of the standards in our caselaw did not comport with the Eighth Amendment's requirements regarding an intellectual disability determination. *Moore v. Texas,* 137 S.Ct. 1039 (2017). On June 6, 2018, we exercised our authority to reconsider this case on our own initiative. We remanded this case to the convicting court "to consider all of the evidence in light of the *Moore v. Texas* opinion" and "make findings of fact and conclusions of law regarding the issue of intellectual disability[.]"

After holding a hearing, the convicting court made findings of fact and conclusions of law recommending that we grant relief on Applicant's claim of intellectual disability. Having reviewed the record in this case, we determine that the convicting court's findings and conclusions are supported by the record. Relief is granted on Applicant's intellectual disability claim. Accordingly, we reform Applicant's sentence of death to a sentence of life imprisonment without parole. All other relief is denied.

Delivered: September 16, 2020
Do not publish